```
STROOCK & STROOCK & LAVAN LLP
BRIAN C. FRONTINO (State Bar No. 222032)
CHRISTOPHER R. FREDRICH (State Bar No. 266471)
REBECCA R. MANDEL (State Bar No. 340990)
2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086
Telephone:  310.556.5800
Facsimile:  310.556.5959
Email:      bfrontino@stroock.com
            cfredrich@stroock.com
            rmandel@stroock.com
            lacalendar@stroock.com
```

Attorneys for Defendant
  AMERICAN EXPRESS NATIONAL BANK,
  erroneously sued as AMERICAN EXPRESS
  COMPANY, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LA TECH AND CONSULTING, a California Limited Liability Company,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>AMERICAN EXPRESS COMPANY, INC., a New York Corporation; and DOES 1 TO 50, inclusive,<br><br>　　　　　Defendants. | Case No. 8:22-cv-01213<br><br>**NOTICE OF REMOVAL OF DEFENDANT AMERICAN EXPRESS NATIONAL BANK** |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1441 and 1446, defendant American Express National Bank ("American Express"), erroneously sued as American Express Company, by and through its counsel, hereby removes the action entitled <u>LA Tech and Consulting, LLC v. American Express Company</u>, Case No. 30-2022-01260599-CU-NP-CJC, pending in the Superior Court of the State of California for the County of Orange (the "Action"), to the United States District Court for the Central District of California on the following grounds:

1. <u>Removal Is Timely</u>. The Action was filed on May 19, 2022. The Complaint was served on American Express on May 26, 2022. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) because it is filed within thirty (30) days of receipt by, and service on, American Express of the Summons and Complaint. Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings filed in the Action are attached hereto as **Exhibit A**.

2. <u>Diversity Jurisdiction Exists</u>. This Court has original jurisdiction over the Action pursuant to 28 U.S.C. § 1332(a), and the Action is removable to this Court by American Express pursuant to 28 U.S.C. § 1441(b). The Action is a civil action between citizens of foreign States, and the amount in controversy exceeds $75,000, exclusive of interests and costs. <u>See</u> 28 U.S.C. § 1332(a)(2) ("[D]istrict courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000 . . . and is between [] citizens of a State and citizens or subjects of a foreign state.").

   a. <u>Diversity of Citizenship Exists</u>. Complete diversity exists as Plaintiff is a limited liability company organized under the laws of the state of California. (Compl. ¶ 2). For purposes of analyzing diversity jurisdiction, a national banking association "is a citizen of the State in which its main office, as set forth in its articles of association, is located[.]" <u>Wachovia Bank v. Schmidt</u>, 546 U.S. 303,

307 (2006); see also OneWest Bank N.A., v. Melina, 827 F. 3d 214, 219 (2nd Cir. 2016) (holding that "a national bank is a citizen only of the state listed in its articles of association as its main office."). American Express is a national bank with its main office in the State of Utah and thus is a citizen solely of Utah. 28 U.S.C. § 1348, Accordingly, diversity of citizenship exists between Plaintiff and American Express.[1]

        b.    The Amount In Controversy Is Satisfied. By the allegations of the Complaint, the amount in controversy exceeds the $75,000 threshold. See 28 U.S.C. § 1446(b); ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . ."). Here, Plaintiff demands $1,164,406.92. (Comp. ¶ 25.) (American Express denies that it is liable to Plaintiff.) Thus, based upon Plaintiff's Complaint only and without American Express conceding that the claims have merit, the amount in controversy requirement is satisfied.

    3.    Consent Is Not Necessary Because No Other Defendant Has Been Named. American Express is the only named defendant in this Action. Accordingly, consent of removal is not necessary and removal is proper pursuant to 28 U.S.C. § 1446(a) & (b).

    4.    Removal To This Court Is Proper. This Court is the proper district court for removal because the Superior Court of the State of California for the County of Orange is located within the United States District Court for the Central District of California. See 28 U.S.C. § 1441(a). However, American Express expressly reserves its right to challenge both whether this Court has personal jurisdiction over American Express and whether venue is proper in the State of California.

//

---

[1] Even if American Express Company were the correct defendant, which it is not, it is a New York corporation with its headquarters in New York, and thus is a citizen of New York.

reserves its right to challenge both whether this Court has personal jurisdiction over American Express and whether venue is proper in the State of California.

   5. <u>Notice Will Be Effected</u>.  Pursuant to 28 U.S.C. § 1446(d), this Notice of Removal shall be given to Plaintiff and a duplicate copy of this Notice of Removal, without exhibits, shall be filed in the Action.

Dated: June 24, 2022

STROOCK & STROOCK & LAVAN LLP
BRIAN C. FRONTINO
CHRISTOPHER R. FREDRICH
REBECCA R. MANDEL

By:   */s/ Brian C. Frontino*
   Brian C. Frontino

Attorneys for Defendant
 AMERICAN EXPRESS NATIONAL BANK, erroneously sued as AMERICAN EXPRESS COMPANY

# **CERTIFICATE OF SERVICE**

I hereby certify that, on June 24, 2022, a copy of the foregoing **NOTICE OF REMOVAL OF DEFENDANT AMERICAN EXPRESS NATIONAL BANK** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

/s/ Brian C. Frontino

<u>Via E-Mail</u>

DAILY LAW GROUP
James D. Daily, Esq.
Michael R. Jones, Esq.
Scott J. Kalter, Esq.
610 Newport Center Drive, Suite 1200
Newport Beach, California 92660
T: (949) 662-6000 I F: (949) 258-5555
E-mail: jdaily@dailylawgroup.com

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST, 18TH FLOOR
LOS ANGELES, CA 90067-3086