# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 05/19/2022 05:35:11 PM.
30-2022-01260599-CU-NP-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Arlene Gill, Deputy Clerk.
Case 8:22-cv-01213-DOC-KES Document 1-1 Filed 06/24/22 Page 2 of 18 Page ID #:7

DAILY LAW GROUP
James D. Daily, Esq. SBN 146699
Michael R. Jones, Esq. SBN 306957
Scott J. Kalter, Esq. SBN 317211
610 Newport Center Drive, Suite 1200
Newport Beach, California 92660
T: (949) 662-6000 | F: (949) 258-5555
E-mail: jdaily@dailylawgroup.com

Attorneys for Plaintiff LA Tech and Consulting, LLC

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE

Assigned for All Purposes
Judge Lon F. Hurwitz

| | |
|---|---|
| LA TECH AND CONSULTING, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN EXPRESS COMPANY, a New York Corporation; AND DOES 1 to 50, inclusive,<br><br>Defendants. | Case No. 30-2022-01260599-CU-NP-CJC<br><br>**COMPLAINT FOR:**<br><br>**1. THEFT / RECEIPT OF STOLEN PROPERTY CIVIL CLAIM UNDER PENAL CODE SECTION 496(C)**<br>**2. CONVERSION**<br>**3. AIDING AND ABETTING CONVERSION**<br>**4. MONEY HAD AND RECEIVED**<br><br>Dept:<br><br>[DEMAND FOR JURY TRIAL] |

1.  Plaintiff LA TECH AND CONSULTING, LLC, by and through its attorneys, alleges as follows:

## **PARTIES**

2.  Plaintiff LA Tech and Consulting, LLC, (hereinafter, "Plaintiff") is and all relevant times was a limited liability company duly organized under the laws of the State of California and

-1-
**COMPLAINT**

DAILY LAW GROUP
610 Newport Center Drive, Suite 1200
Newport Beach, CA 92660

1. authorized to do business in the State of California. At no time was Plaintiff an Originator nor Receiver of any Automated Clearing House (ACH) transactions as hereinafter alleged.

3. Defendant American Express Company is, and all relevant times was, a corporation duly organized under the laws of the State of New York and authorized to do business in the State of California. At all times relevant, American Express Company was an Originator and/or Receiver of every one of the ACH transactions as hereinafter alleged.

4. The true names and capacities of Defendants DOES 1 through 50, inclusive, are presently unknown to Plaintiff. Plaintiff sues these defendants according to their fictitious names as provided on the Code of Civil Procedure § 474. Plaintiff will seek leave of court to amend this Complaint to allege their true names and capacities when ascertained.

5. Plaintiff alleges on information and belief that each defendant designated herein, either through its own conduct or through the conduct of its agents, servants, or employees are responsible in some manner for the events and occurrences alleged herein.

6. Plaintiff is informed and believes that Defendant American Express Company and DOES 1 through 50 were and are the agent, employee, member, principal, director, officer, heir, representative and/or joint venturer of each and every other defendant and that all acts herein alleged were performed within the scope and authority of such capacity and were approved of and ratified by each and every other defendant.

7. When this Complaint references any defendant or defendants, such allegations shall be deemed to mean the act of those defendants named in the particular cause of action and each of them acting individually, jointly, and severally.

8. At all relevant times, Defendant American Express Company and DOES 1 through 50 were acting in concert with, and in conspiracy with, each and every one of the remaining defendants.

**VENUE AND JURISDICTION**

9. Venue is proper in this Court because Defendant American Express Company and DOES 1 through 50 have significant contacts with and have a principal place of business in the County of Orange.



DAILY LAW GROUP
And Justice for All

-2-
**COMPLAINT**

## FACTUAL BACKGROUND

10. Beginning on or about April 3, 2020, a series of ACH transactions were Originated and Received by Defendants from the unlawful access to Plaintiff's JP Morgan Chase bank account. The defendants did not have any writing, agreement, authorization or permission to make such unauthorized accessed to Plaintiff's bank account. Defendant American Express Company and DOES 1 through 50 (hereinafter, collectively, "Defendants") originated, initiated, transacted, and received from such unauthorized access funds from Plaintiffs bank account.

11. Each of the ACH transfers to Defendants were unauthorized and were conducted by Defendants. The ACH transfers have no connection to the Plaintiff's business, nor were they made by the Plaintiff or any person authorized by the Plaintiff, nor for any benefit, duty, or obligation of the Plaintiff. The ACH transactions are the product of fraudulent conduct and theft by the Defendants.

12. Plaintiff and its officers and directors do not have or possess any account(s) with Defendant American Express Company. Nor were any of the below series of ACH transactions authorized by the Plaintiff, the owner of the account, nor by any signatory on the Plaintiff's account. These unauthorized ACH money transfers were stolen from the Plaintiff. This stolen property is now and has been at all times relevant in the possession of Defendants.

13. On March 14, 2022, Plaintiff sent a letter to Defendant American Express Company regarding the aforementioned theft and fraud, informing Defendant American Express Company that the property had been stolen, and demanded that Defendant American Express Company return the stolen property to Plaintiff.

14. Defendant American Express Company has at all times relevant known that Plaintiff did not have an American Express Credit Card or Account with American Express. Defendant American Express Company has at all times relevant known that the JP Morgan Chase Bank Account number ending in xx0712 in the name of La Tech and Consulting LLC was not owned, operated, maintained or authorized for Defendants to originate or receive any ACH transfers or transactions. Defendant American Express Company has not demonstrated any written authorization, approval, or reason why, knowing that it is in receipt of stolen property that it has not

returned such property.

15. To date, Defendants have stolen, or received a total of three hundred eighty-eight thousand one hundred thirty-five dollars and sixty-four cents ($388,135.64) in stolen property.

16. Below are the dates, descriptions, and specific amounts of the stolen property as identified in Plaintiff's JP Morgan Chase Bank Account records that have been originated and received by the defendants:

| DATE | DESCRIPTION | AMOUNT |
| --- | --- | --- |
| 02/01/2022 | Orig CO Name: American Express Orig ID:2005032111 Desc Date: 220201 CO Entry Descr:ACH Pmt Sec:PPD Trace#:021000020209220 Eed:220201 Ind ID: nd Name:Reymond Gamzeletova Tm: 0320209220Tc | $10,000.00 |
| 02/02/2022 | Orig CO Name: American Express Orig ID:2005032111 Desc Date: 220127 CO Entry Descr:ACH Pmt Sec:PPD Trace#:021000020229030 Eed:220202 Ind ID: Ind Name:Reymond Gamzeletova Tm: 0330229030Tc | $10,000.00 |
| 01/10/2022 | Orig CO Name: American Express Orig ID:2005032111 Desc Date: 220110 CO Entry Descr:ACH Pmt Sec:PPD Trace#:021000024693917 Eed:220110 Ind ID: Ind Name:Reymond Gamzeletova Tm: 0104693917Tc | $16,000.00 |
| 08/02/2021 | Orig CO Name: American Express Orig ID:2005032111 Desc Date:210802 CO Entry Descr:ACH Pmt Sec:PPD Trace#:021000020463449Eed:210802 Ind ID: Ind Name:Reymond GamzeletovaTrn: 2140463449Tc | $35,667.20 |
| 07/20/2021 | Orig CO Name: American Express Orig ID:2005032111 Desc Date:210720 CO Entry DescrACH Pmt Sec:PPD Trace#:021000023363099 Eed:210720 Ind ID: Ind Name:Reymon d GamzeletovaTrn: 2013363099Tc | $13,577.04 |
| 07/06/2021 | Orig CO Name: American Express Orig ID:2005032111 Desc Date:210706 CO Entry Descr:ACH Pmt Sec:PPD Trace#:021000026976340Eed:210706 Ind ID: Ind Name:Reymond Gamzeletova Trn: 1876976340Tc | $15,003.98 |
| 06/16/2021 | Orig CO Name: American Express Orig ID:2005032111 Desc Date: 210616 CO Entry Descr:ACH Pmt Sec:PPD Trace#:021000020401590 Eed:210616 Ind ID: Ind Name:Reymond Gamzeletova Tm: 1670401590Tc | $24,940.67 |
| 05/25/2021 | Orig CO Name: American Express Orig ID:2005032111 Desc Date:210525 CO Entry Descr:ACH Pmt Sec:PPD Trace#:021000029039414 Eed:210525 Ind ID: Ind Name:ReymondGamzeletova Trn: 1459039414Tc | $17,000.00 |
| 04/26/2021 | Orig CO Name: American Express Orig ID:2005032111 Desc Date:210426 CO Entry Descr:ACH PmSec:PPD Trace#:021000023711699 Eed:210426 Ind ID: Ind Name:Reymond Gamzeletova Trn: 1163711699Tc | $19,000.00 |
| 03/26/2021 | Orig CO Name: American Express Orig ID:2005032111 Desc Date:210326 CO Entry Descr: ACH Pmt Sec:PPD Trace#:021000026977197 Eed:210326 Ind ID: Ind Name:Reymond Gamzeletova Trn: 0856977197Tc | $10,500.00 |
| 03/08/2021 | Orig CO Name: American Express Orig ID:2005032111 Desc Date:210308 CO Entry Descr:ACH Pmt Sec:WebTrace#:021000022439967 Eed:210308 Ind ID:M5760 Ind Name:Reymond Gamzeletova | $ 350.00 |
| 03/08/2021 | Orig CO Name: American Express Orig ID:2005032111 Desc Date:210308 CO Entry ACH Pmt Sec:Web Trace#:021000022439515 Eed:210308 Ind ID:M4682 Ind Name:Reymond Gamzeletova | $ 525.00 |
| 01/26/2021 | Orig CO Name: American Express Orig ID:2005032111 Desc Date:210126 CO Entry Descr:ACH Pmt Sec:PPD Trace#:021000028315365 Eed:210126 Ind ID: Ind Name:Reymond Gamzeletova Trn: 0268315365Tc | $18,500.00 |
| 12/28/2020 | Orig CO Name: American Express Orig ID:2005032111 Desc Date:201228 CO Entry Descr: ACH Pmt Sec:PPD Trace#:021000029471563 Eed:201228 Ind ID: Ind Name:Reymond Gamzeletova Trn: 3639471563Tc | $27,000.00 |

| Date | Description | Amount |
|---|---|---|
| 11/27/2020 | Orig CO Name: American Express   Orig ID:2005032111 Desc Date:201127   CO Entry Descr: ACH Pmt   Sec:PPD Trace#:021000028025468 Eed:201127 Ind ID:Ind Name:Reymond Gamzeletova Trn: 3328025468Tc | $12,000.00 |
| 10/27/2020 | Orig CO Name:American Express   Orig ID:2005032111 Desc Date:201027   CO Entry Descr:ACH Pmt   Sec:PPDTrace#:021000021337488 Eed:201027 Ind ID: Ind Name:Reymond Gamzeletova Trn: 3011337488Tc | $20,000.00 |
| 09/28/2020 | Orig CO Name:American Express   Orig ID:2005032111 Desc Date:200928   CO Entry Descr:ACH Pmt   Sec:PPD Trace#:021000026989393 Eed:200928 Ind ID: Ind Name:Reymond Gamzeletova Trn: 2726989393Tc | $25,000.00 |
| 08/25/2020 | Orig CO Name:American Express   Orig ID:2005032111 Desc Date:200825CO Entry Descr:ACH Pmt   Sec:PPD Trace#:021000029105080 Eed:200825 Ind ID: Ind Name:Reymond Gamzeletova Trn: 2389105080Tc | $10,000.00 |
| 07/27/2020 | Orig CO Name:American Express   Orig ID:2005032111 Desc Date: 200727   CO Entry Descr: ACH Pmt   Sec:PPD Trace#:021000028940393 Eed:200727 Ind ID: Ind Name:Reymond Gamzeletova Trn: 2098940393Tc | $ 8,500.00 |
| 06/26/2020 | Orig CO Name: AmericanExpress   Orig ID:2005032111 Desc Date:200626   CO Entry Descr:ACH Pmt Sec:PPD Trace#:0210000029520156 Eed:200626 Ind ID: Ind Name:Reymond Gamzeletova Trn: 1789520156Tc | $ 7,500.00 |
| 06/01/2020 | Orig CO Name:American Express   Orig ID:2005032111 Desc Date:200601   CO Entry Descr: ACH Pmt Sec: PPD Trace#:021000026248832 Eed:200601 Ind ID: Ind Name:Reymond Gamzeletova Trn: 1536248832Tc | $ 6,500.00 |
| 04/27/2020 | American Express ACH Pmt PPD ID: 2005032111 | $ 6,196.75 |
| 04/03/2020 | American Express ACH Pmt PPD ID: 2005032111 | $ 8,500.00 |
| Total | | $388,135.64 |

# FIRST CAUSE OF ACTION

**(Civil Claim Under Penal Code Section 496(c) – Theft/Receiving and/or Concealing Stolen Property Against All Defendants)**

17. Plaintiff repeats and re-alleges each and every allegation of this Complaint by reference and incorporates the same as though fully set forth at length herein.

18. Plaintiff is informed and believes based on Plaintiff's JP Morgan Chase bank records as identified in paragraph 16 of this Complaint that the Defendants gained unauthorized access to Plaintiff's JP Morgan Chase bank account and have stolen at least $388,135.64 by conducting unauthorized ACH transfers of Plaintiff's funds to Defendants.

19. Defendants stole property from Plaintiff and received and/or concealed stolen property. These acts violate California Penal Code § 496 entitled "Receiving or Concealing Stolen Property," because "a principal in the actual theft of the property may be convicted…pursuant to this section."

20. For their own financial gain, all Defendants have (1) engaged in a manner of theft and has received, withheld, and/or concealed stolen property as defined by California Penal Code §§ 484(a) and 496(a); or (2) aided and abetted the other defendants in receiving, withholding, and/or



concealing stolen property in a manner of theft as defined by Penal Code section, 484(a) and 496(a).

21. Penal Code § 496 (a) makes receiving or buying property "that has been obtained in any manner constituting theft or extortion, knowing the property to be stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained," a criminal offense punishable by imprisonment.

22. Penal Code § 496(c) provides that any person "who has been injured by a violation of [subdivision (a)] . . . may bring an action for three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees."

23. Based on the statutory language, a criminal conviction under Penal Code § 496(a) is not a prerequisite to recover treble damages under Penal Code § 496(c).

24. The phrase "any manner constituting theft" under Penal Code § 496(a) has been broadly construed and includes, inter alia, theft by false pretense and is further defined in Penal Code § 484(a) as being: "Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him or her, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor or real or personal property, or who causes or procures others to report falsely of his or her wealth or mercantile character and by thus imposing upon any person, obtains credit and thereby fraudulently gets or obtains possession of money, or property or obtains the labor or service of another, is guilty of theft."

25. Therefore, pursuant to Penal Code § 496(c), Plaintiff is entitled to three times the amount of actual damages sustained, plus costs of suit, and attorneys' fees, all in an amount to be proven at trial in excess of $1,164,406.92.

**SECOND CAUSE OF ACTION**

**(Conversion against all Defendants)**

26. Plaintiff repeats and re-alleges each and every allegation of this Complaint by reference and incorporates the same as though fully set forth at length herein.

27. Beginning on April 3, 2020, and continuing up to and until at least February 1, 2022,



Defendants gained unauthorized access to Plaintiff's JP Morgan Chase bank account and caused numerous ACH payments to be made to Defendants.

28. Defendants converted funds from Plaintiff's JP Morgan Chase bank account and caused those funds to be transferred via unauthorized ACH transfers from Plaintiff's JP Morgan Chase bank account to Defendants as referenced in paragraphs 10 through 16 of this Complaint.

29. Plaintiff alleges that Defendants have and continue to wrongfully exercise control over Plaintiff's funds that were stolen out of Plaintiff's JP Morgan Chase Bank Account as referenced in paragraphs 10 through 16 of this Complaint.

30. Plaintiff is the rightful owner of the funds that were stolen out of Plaintiff's JP Morgan Chase Bank Account as referenced in paragraphs 10 through 16 of this Complaint.

31. Defendants and each of them, intentionally and substantially interfered with Plaintiff's property by taking possession of Plaintiff's funds in the total amount of $388,135.64 when it was fraudulent and illegally transferred out of Plaintiff's JP Morgan Chase bank account as referenced in paragraphs 10 through 16 of this Complaint. Defendants, after being informed that the funds were stolen, have refused to return the stolen funds after Plaintiff demanded their return.

32. As described herein, Plaintiff has not consented to the funds being taken from Plaintiff's JP Morgan Chase bank account.

33. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages in an amount to be determined at trial, but not less than $388,135.64.

34. Plaintiff alleges on information and belief that Defendants' conduct was intentional, willful, wrongful, fraudulent, malicious, oppressive, despicable, and done in bad faith. Plaintiff seeks an award of exemplary and/or punitive damages against the Defendants pursuant to section 3294 of the Civil Code.

### THIRD CAUSE OF ACTION

### (Aiding and Abetting Conversion against All Defendants)

35. Plaintiffs repeat and re-allege each and every allegation of this Complaint by reference and incorporates the same as though fully set forth at length herein.

36. Plaintiff was harmed by Defendants conversion and each Defendant is responsible



1  for the harm because they aided and abetted Defendants in the conversion.

2      37.    Defendants share the common goal of converting funds that belong to Plaintiff and causing those funds to be transferred to Defendants.

    38.    Defendants, and each of them, actively induced, encouraged, aided, abetted, and facilitated in converting funds from Plaintiff's JP Morgan Chase bank, as hereinafter alleged.

    39.    Defendants, and each of them, knew of the specific primary wrong that Defendants intended to convert Plaintiff's funds and substantially assisted each other to convert Plaintiff's funds from Plaintiff's JP Morgan Chase bank account and cause those funds to be transferred to Defendants via unauthorized ACH transfers.

    40.    Defendants gave substantial assistance to each other in converting Plaintiff's funds. They encouraged, aided, promoted and instigated Defendants' conversion by illegally accessing Plaintiff's JP Morgan Chase bank account and causing unauthorized and fraudulent ACH transfers of funds from Plaintiff's JP Morgan Chase bank account to accounts held by Defendants.

    41.    All Defendants are responsible for the conduct of the other defendants as their principal and/or employee or agent.

## FOURTH CAUSE OF ACTION

**(Money Had and Received Against All Defendants)**

    42.    Plaintiff repeats and re-alleges each and every allegation of this Complaint by reference and incorporates the same as though fully set forth at length herein.

    43.    On or about April 3, 2020 through February 1, 2022, Defendants received money in the amount of $388,135.64 that was intended to be used for the benefit of Plaintiff.

    44.    Plaintiff is informed, believes, and based thereon alleges that Defendants and each of them received money that was intended to be used for the benefit of Plaintiff. However, said money was never used for the benefit of Plaintiff, and Defendants and each of them, has not given any of the money back to Plaintiff, even though Defendants are informed the money rightfully belongs to Plaintiff.

    45.    Defendants have been put on notice that the money belongs to Plaintiff however, no payment has been made by the Defendants to Plaintiff.



-8-
**COMPLAINT**

46. Defendants are responsible for the conduct of each other, as their principal and/or agent.

47. As a direct and foreseeable result of Defendants (either directly or through their agent(s)/employee(s)) wrongful conduct, Plaintiff has suffered damages in the amount of $388,135.64, at least.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1. Actual damages according to proof;
2. Punitive and exemplary damages as allowed by law against all Defendants;
3. Compensatory damages awarded to Plaintiff in an amount to be proven at trial;
4. Statutory treble damages of $1,164,406.92 awarded to the Plaintiff or in such further amount as to be proven at trial (Penal Code § 496(c)).
5. An award of reasonable attorney's fees as allowed by law (Penal Code § 496(c));
6. An award of costs of suit as allowed by law;
7. Disgorgement of all ill-gotten gains as appropriate;
8. An award of pre-judgment interest as allowed by law;
9. An award of post-judgment interest on all monetary awards; and
10. Such other or further relief in law or equity as may be appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted,

Dated: May 19, 2022             DAILY LAW GROUP

_____
James D. Daily, Esq.
Michael R. Jones, Esq.
Scott J. Kalter, Esq.
Attorneys for Plaintiff,
LA Tech and Consulting LLC



-9-
**COMPLAINT**

Electronically Filed by Superior Court of California, County of Orange, 05/19/2022 05:35:11 PM.
30-2022-01260599-CU-NP-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Arlene Ohir, Deputy Clerk.
Case 8:22-cv-01268-JLS-KES Document 1-1 Filed 06/24/22 Page 11 of 18 Page ID #:16

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| James D. Daily, Esq. SBN 146699<br>610 Newport Center Drive, Suite 1200 | |

TELEPHONE NO.: (949) 662-6000   FAX NO. (Optional): (949) 258-5555
E-MAIL ADDRESS: jdaily@dailylawgroup.com
ATTORNEY FOR (Name): LA Tech and Consulting, LLC

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

CASE NAME: La Tech and Consulting, LLC v. American Express Company, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 30-2022-01260599-CU-NP-CJC |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Lon F. Hurwitz<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)
   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [ ] Other PI/PD/WD (23)
   **Non-PI/PD/WD (Other) Tort**
   [ ] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [x] Other non-PI/PD/WD tort (35)
   **Employment**
   [ ] Wrongful termination (36)
   [ ] Other employment (15)

   **Contract**
   [ ] Breach of contract/warranty (06)
   [ ] Rule 3.740 collections (09)
   [ ] Other collections (09)
   [ ] Insurance coverage (18)
   [ ] Other contract (37)
   **Real Property**
   [ ] Eminent domain/Inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)
   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)
   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)
   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint (not specified above) (42)
   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition (not specified above) (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 1. Civil Claim Under PC 496(c); 2. Conversion  3. Aiding and Abetting Conversion 4. Money Had and Received
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 5/19/2022

James D. Daily, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev.September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition



# SUPERIOR COURT OF CALIFORNIA

### COUNTY OF ORANGE

Superior Court of California, County of Orange

700 W. Civic Center Drive
Santa Ana, CA 92702

**PAYMENT RECEIPT**

E-Filing Transaction #: 41337055

Receipt #: 12879788

**Clerk ID:** agill   **Transaction No:** 13051772   **Transaction Date:** 05/20/2022   **Transaction Time:** 10:02:02 AM

| Case Number | Fee Type | Qty | Fee Amount$ | Balance Due | Amount Paid | Remaining Balance |
|---|---|---|---|---|---|---|
| 30-2022-01260599-CU-NP-CJC | 194 - Complaint or other 1st paper | 1 | $435.00 | $435.00 | $435.00 | $0.00 |
| | | | | Sales Tax: | $0.00 | |
| | | | | Total: | $435.00 | Total Rem. Bal: |

E-Filing : - OneLegal

E-Filing:   $435.00

Total Amount Tendered:   $435.00

Change Due:   **$0.00**

Balance:   **$0.00**

A $45 fee may be charged for each returned check, electronic funds transfer or credit card payment.

**COPY**

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center<br>PLANTIFF: La Tech and Consulting LLC<br>DEFENDANT: American Express Company<br>Short Title: LA TECH AND CONSULTING LLC VS. AMERICAN EXPRESS COMPANY | FOR COURT USE ONLY<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br><br>**May 20, 2022**<br><br>Clerk of the Court<br>By: **Arlene Gill**, Deputy |
| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2022-01260599-CU-NP-CJC |

Please take notice that a(n), Case Management Conference has been scheduled for hearing on 10/10/2022 at 09:00:00 AM in Department C20 of this court, located at Central Justice Center.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html
Appellate Division - https://www.occourts.org/media-relations/appeals-records.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html
División de apelaciones - https://www.occourts.org/media-relations/appeals-records.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html
Ban phúc thẩm - https://www.occourts.org/media-relations/appeals-records.html

Clerk of the Court, By: _____, Deputy

| | |
|---|---|
| **NOTICE OF HEARING** | Page: 1 |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | | |
|---|---|---|
| Central Justice Center<br>700 W. Civic Center DRIVE<br>Santa Ana 92701 | | |
| **SHORT TITLE:** LA TECH AND CONSULTING LLC VS. AMERICAN EXPRESS COMPANY | | |
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**30-2022-01260599-CU-NP-CJC** | |

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 05/20/2022. Following standard court practice the mailing will occur at Sacramento, California on 05/23/2022.

Clerk of the Court, by: _____ , Deputy

DAILY LAW GROUP
610 NEWPORT CENTER DRIVE # 1200
NEWPORT BEACH, CA 92660

Electronically Filed by Superior Court of California, County of Orange, 05/20/2022 10:43:00 AM.
30-2022-01260599-CU-NP-CJC - ROA # 8 - DAVID H. YAMASAKI, Clerk of the Court By Arlene Gill, Deputy Clerk.
Case 8:22-cv-01213-DOC-KES  Document 1-1  Filed 06/24/22  Page 16 of 18  Page ID #:21

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMERICAN EXPRESS COMPANY, a New York Corporation; And Does 1 to 50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LA TECH AND CONSULTING, LLC, a California Limited Liability Company

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: *Judge Lon F. Hurwitz*
*(El nombre y dirección de la corte es):* Central Justice Center
700 Civic Center Drive West
Santa Ana, CA 92701

CASE NUMBER: *(Número del Caso):*
30-2022-01260599-CU-NP-CJC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James D. Daily, Esq., 610 Newport Center Drive, Suite 1200, Newport Beach, CA 92660, (949) 662-6000

DATE: 05/20/2022      DAVID H. YAMASAKI, Clerk of the Court      Clerk, by Arlene Gill, Deputy
*(Fecha)*      *(Secretario)*      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Electronically Filed by Superior Court of California, County of Orange, 05/31/2022 12:38:00 PM.
30-2022-01260599-CU-NP-CJC - ROA # 10 - DAVID H. YAMASAKI, Clerk of the Court By efilinguser, Deputy Clerk.
Case 8:22-cv-01243-DOC-KES Document 1-1 Filed 06/24/22 Page 17 of 18 Page ID #:22

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: <br> James D. Daily, Esq. \| SBN: 146699 <br> Daily Law Group <br> 610 Newport Center Dr 1200 Newport Beach, CA 926606419 <br> TELEPHONE NO.: (949) 662-6000 \| FAX NO. (949) 258-5555 \| E-MAIL ADDRESS *(Optional)*: jdaily@dailylawgroup.com;mjones@dailylawgroup.com <br> ATTORNEY FOR *(Name)*: Plaintiff: LA Tech and Consulting, LLC | FOR COURT USE ONLY |
|---|---|
| **Orange County Superior Court** <br> STREET ADDRESS: 700 Civic Center Drive West <br> MAILING ADDRESS: <br> CITY AND ZIP CODE: Santa Ana, CA 92701 <br> BRANCH NAME: Central Justice Center | |
| PLAINTIFF: LA Tech and Consulting, LLC <br> DEFENDANT: American Express Company | CASE NUMBER: <br> 30202201260599CUNPCJC |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: <br> LA Tech v American |

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents)*: **Civil Case Cover Sheet**
3. a. Party served *(specify name of party as shown on documents served)*:
   **American Express Company, a New York Corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **Daisy Montenegro - CT Process Specialist**
   
   | Age: 31-35 | Weight: 181-200 Lbs | Hair: Black | Sex: Female |
   |---|---|---|---|
   | Height: 5'1 - 5'6 | Eyes: | Race: Latino | |

4. Address where the party was served: **330 N Brand Blvd Ste 700**
   **Glendale, CA 91203-2336**
5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **5/26/2022** (2) at *(time)*: **12:45 PM**
   b. ☐ **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*: from *(city)*: or ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PETITIONER: LA Tech and Consulting, LLC | CASE NUMBER |
|---|---|
| RESPONDENT: American Express Company | 30202201260599CUNPCJC |

   c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

      (1) on *(date):*                   (2) from *(city):*

      (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

      (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section):*

      ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as occupant.
   d. ☑ On behalf of *(specify):* **American Express Company, a New York Corporation**
      under the following Code of Civil Procedure section:

      ☑ 416.10 (corporation)               ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)        ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)                   ☐ 415.46 (occupant)
                                                       ☐ other:

7. **Person who served papers**
   a. Name: **V. ENRIQUE MENDEZ - DDS Legal Support**
   b. Address: **2900 Bristol Street  Costa Mesa, CA 92626**
   c. Telephone number: **(714) 662-5555**
   d. **The fee** for service was: **$ 68.90**
   e. I am:

      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☑ registered California process server:
          (i) ☐ owner    ☐ employee    ☑ independent contractor.
          (ii) Registration No.: **3428**
          (iii) County: **LOS ANGELES**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or
9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **5/31/2022**

**DDS Legal Support**
**2900 Bristol Street**
**Costa Mesa, CA 92626**
**(714) 662-5555**
**www.ddslegal.com**

_____
**V. ENRIQUE MENDEZ**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)